**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HIESEOK RHEE, individually and on behalf of all others similarly situated, <br><br> *Plaintiff(s)*, <br><br> v. <br><br> CLIENT SERVICES, INC., <br><br> *Defendant*. | Civil Action No. 19-cv-12253 <br><br> **OPINION & JUDGMENT** |

**John Michael Vazquez, U.S.D.J.**

Presently before the Court is Plaintiff Hieseok Rhee's motion for attorney fees. D.E. 53. Defendant Client Services, Inc. filed a brief in opposition, D.E. 58, to which Plaintiff replied, D.E. 59. The Court reviewed the parties' submissions[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Plaintiff's motion is **GRANTED**.

I. **Background and Procedural History**

After receiving a debt collection letter from Defendant for a debt that Plaintiff allegedly owed, Plaintiff filed this putative class action alleging violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.* D.E. 1. Defendant subsequently filed a motion to dismiss Plaintiff's Complaint. D.E. 4. On July 21, 2020, this Court granted in part and denied in part Defendant's motion to dismiss. The Court concluded that Plaintiff had standing to

---

[1] Plaintiff's brief in support of his motion (D.E. 53-1) will be referred to as "Plf. Br."; Defendant's opposition (D.E. 58) will be referred to as "Def. Opp."; and Plaintiff's reply (D.E. 59) will be referred to as "Plf. Reply."

assert his claims and that he stated a single FDCPA violation claim. D.E. 28, 29. The Court, however, dismissed two other FDCPA claims pursuant to Rule 12(b)(6). *Id.*

On October 16, 2020, Defendant served Plaintiff with an offer of judgment pursuant to Federal Rule of Civil Procedure 68. *See* D.E. 58-1. Plaintiff purportedly did not respond to the offer of judgment, thus the offer "is considered withdrawn." Fed. R. Civ. P. 68(b). Plaintiff then filed a motion to certify a class on April 14, 2021. D.E. 37. On May 4, 2021, the Court administratively terminated the motion because of ongoing discovery disputes that could potentially impact class certification. D.E. 42. Plaintiff, however, did not re-file his motion to certify a class. Instead, on July 23, 2021, Defendant served Plaintiff with a second offer of judgment. D.E. 47-1. The offer is identical to the first offer of judgment, and provides that Plaintiff would receive $1,001 from Defendant, in addition to reasonable attorneys' fees and costs. D.E. 47-1, 58-1. The offer further provided that if the parties could not agree upon an amount, Plaintiff was permitted to file a motion for attorneys' fees and costs. *Id.* Plaintiff accepted the offer of judgment and judgment was entered by the Court on September 8, 2021. D.E. 47, 50. After the parties were unable to reach a resolution as to reasonable attorneys' fees and costs, Plaintiff filed the instant motion. D.E. 53.

**II.     Analysis**

When considering attorneys' fees and costs, New Jersey usually follows the "'American Rule,' which prohibits recovery of counsel fees by the prevailing party against the losing party." *In re Estate of Vayda*, 875 A.2d 925, 928 (N.J. 2005) (quoting *In re Niles*, 823 A.2d 1, 7 (N.J. 2003)). Although New Jersey law generally disfavors fee-shifting, "a prevailing party can recover [attorneys'] fees if they are expressly provided for by statute, court rule, or contract." *Packard-Bamberger & Co., Inc. v. Collier*, 771 A.2d 1194, 1202 (N.J. 2001). Pursuant to the FDCPA, a

"successful" plaintiff is entitled to actual damages, costs, attorneys' fees, and statutory damages. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 578, 584 (2010); *see also* 15 U.S.C. § 1692k(a)(3).  An award of reasonable legal fees and costs under the FDCPA is mandatory, not discretionary.  *Graziano v. Harrison*, 950 F.2d 107, 113-14 (3d Cir. 1991). Plaintiff contends that he is a successful party, such that he is entitled to attorney's fees under the FDCPA.  Plf. Br. at 4-5.  Defendant does not dispute that Plaintiff is a successful plaintiff under the FDCPA.  Plaintiff is also entitled to reasonable attorneys' fees and costs through the offer of judgment.  D.E. 47; *see also Lima v. Newark Police Dep't*, 658 F.3d 324, (3d Cir. 2011) (explaining that a valid offer of judgment under Rule 68 "necessarily includes costs and attorney's fees either explicitly or implicitly").  This is also not contested by Defendant.  Instead, Defendant challenges the reasonableness of Plaintiff's requested fees and costs.  Def. Opp. at 2-9.  As a result, the Court focuses on the reasonableness of Plaintiff's requested fees.

To determine whether a fee request is reasonable, courts can use the lodestar, which is the "number of hours reasonably expended by the successful party's counsel in the litigation, multiplied by a reasonable hourly rate." *Litton Indus., Inc. v. IMO Indus., Inc.*, 982 A.2d 420, 428 (N.J. 2009).  Specifically, in conducting a lodestar analysis a court considers the degree "of [the prevailing party's] success in determining the reasonableness of the time expended," as well the "the reasonableness of the hourly rate of 'the prevailing attorney in comparison to rates for similar services by lawyers of reasonably comparable skill, experience, and reputation in the community.'" *Id.* at 429 (quoting *Furst v. Einstein Moomjy, Inc.,* 860 A.2d 435, 447 (N.J. 2004) (internal quotations and citation omitted)).

The decision of whether a fee is reasonable must also be analyzed through the lens of New Jersey Rule of Professional Conduct ("RPC") 1.5, which "commands that 'a lawyer's fee shall be

3

reasonable in all cases.'" *Hunt Constr. Grp., Inc. v. Hun Sch. of Princeton*, No. 08-3550, 2012 WL 113606, at *4 (D.N.J. Jan. 13, 2012) (quoting RPC 1.5(a)). RPC 1.5 sets forth the following list of non-exhaustive factors courts should consider when assessing the reasonableness of a fee award:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent.

RPC 1.5(a)(1)-(8). The party seeking the fee award has the ultimate burden to establish that its requested fees are reasonable. *See Green v. Morgan Props.*, 73 A.3d 478, 492 (N.J. 2013) ("[W]e have made plain that the party seeking to be awarded attorneys' fees ordinarily bears the burden of proving that they are reasonable, and that contractual fee shifting provisions are strictly construed."); *see also Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) ("The party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable.").

1. **Hours Expended**

Plaintiff seeks fees for approximately 140 hours of work from five attorneys and two paralegals. Plf. Br. at 18. Defendant has several arguments challenging the reasonableness of the time expended in this matter and how certain time entries were billed. The Court will address each argument in turn.

4

Defendant first argues that Plaintiff should not recover any fees after the first offer for judgment expired because the second offer, which Plaintiff ultimately accepted, was identical to earlier offer. Def. Opp. at 2-4. Defendant served Plaintiff with the first offer of judgment in October 2020. *See* D.E. 47. After this date, Plaintiff's attorneys' time entries show that they performed work related to discovery, engaged in further settlement negotiations, and worked on motions for class certification and summary judgment. *See* Sanders Decl., Ex. 1. Plaintiff did not file a motion for summary judgment, and while he filed a motion to certify a class, it was administratively terminated due to ongoing discovery dispute. D.E. 42. Defendant contends that because Plaintiff never filed a motion for summary judgment and "abandoned" the motion for class certification, any fees associated with this work is unreasonable. Def. Opp. at 3-4.

Plaintiff explains that his motion for class certification was impacted by *TransUnion LLC v. Ramirez*, -- U.S. --, 141 S. Ct. 2190 (2021). Plf. Reply at 6. The Supreme Court decided *TransUnion* on June 25, 2021, a little more than a month after this Court terminated Plaintiff's motion for class certification. In *TransUnion*, the Supreme Court addressed Article III standing in the context of a statutory violation and explained that class members must suffer from a concrete harm to have standing. *See* 141 S. Ct. at 2212. In light of *TransUnion*, Plaintiff decided not to refile his motion for class certification. Plf. Reply at 7. This development in the law is unrelated to Defendant's first offer of judgment and does not render Plaintiff's prior work on his motion for class certification unreasonable. Therefore, Plaintiff is entitled to recover the attorney's fees that are related to the motion for class certification. Further, the time entries suggest that the timing for Plaintiff's anticipated motion for summary judgment was connected to his motion for class certification. *See* Sanders Decl., Ex. 1 at 14. Accordingly, Plaintiff is also entitled to recover

5

attorneys' fees that are associated with the motion for summary judgment. The Court, therefore, will not reduce Plaintiff's requested fee award on these grounds.

Next, Defendant maintains that this was not a successful action because Plaintiff only recovered $1,001, or $1 more than the maximum statutory damages permitted under the FDCPA. Defendant continues that Plaintiff's award should, therefore, be reduced by twenty percent. Def. Opp. at 4-5. A district court has discretion when assessing the overall reasonableness of a fee application and can reduce the amount of fees requested if the prevailing party's actual success was limited. *See Moody v. Township of Marlboro*, 855 F. Supp. 685, 691 (D.N.J. 1994) (explaining that "the court is inclined to make a substantial downward adjustment of the amount of fees sought by plaintiff in order to achieve a reasonable figure taking into account the results obtained by plaintiff in relation to the scope of the litigation as a whole," where the plaintiff was prevailing party as to her CEPA claim but the CEPA claim was minor with respect to the federal claims that were ultimately dismissed); *see also Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) ("If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith."). Defendant's argument is premised on the fact that Plaintiff filed this matter as a class action but ultimately "abandoned the class claims to accept [Defendant's] later served Rule 68 Offer of Judgment." Def. Opp. at 4-5. But, as discussed, an intervening change in the law impacted Plaintiff's ability to pursue his claims on behalf of a class. Consequently, the Court will not reduce Plaintiff's fee award on these grounds.

Defendant also appears to contend that a plaintiff who accepts an offer of judgment cannot be construed as successful. *See* Def. Opp. at 4 ("Here, although Plaintiff accepted an offer of

6

judgment under Rule 68, that can hardly be considered a true success but rather an agreement between the parties."). Rule 68 has the "laudatory purpose of facilitating settlement." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 726 F.3d 403, 409 (3d Cir. 2013). Thus, in light this purpose, the Court will not punish Plaintiff for accepting the offer of judgment by reducing his requested fees. Defendant's argument to this effect is rejected.

Defendant also challenges specific time entries. First, Defendant contends that 2.41 hours of time, totaling $375, are clerical activities that are not compensable or chargeable to Defendant. Def. Br. at 5-6. Although this work was performed by an attorney, Plaintiff's counsel largely reclassified these time entries to reflect the firm's paralegal rate, rather than the billing attorney's regular rate. Plf. Br. at 15. For the most part, the identified time entries relate to reviewing notifications from ECF and electronically filing documents. But the two largest time entries identified by Defendant involved reviewing and editing briefs before filing. Def. Opp., Ex. D. These are clearly tasks that should be performed by an attorney. Moreover, Defendant provides no legal support for its argument that certain administrative tasks are not compensable. In fact, Defendant cites to cases where the court reduced the billing attorney's customer rate for tasks that required less skill to perform. *See* Def. Opp. at 6 (*citing McKenna v. City of Philadelphia*, 582 F.3d 447, 456-57 (3d Cir. 2009) ("In the circumstances confronting the District Court, it was entirely appropriate for the Court to separate time for in-court work, trial preparation, and clerical tasks for compensation at different rates.")). That is precisely what Plaintiff proactively did here. Thus, because Defendant does not provide any legal basis to back out administrative tasks from Plaintiff's requested fees, and because certain of the identified administrative tasks are not administrative, the Court will not reduce Plaintiff's requested fees on these grounds.

Next, Defendant argues that Plaintiff failed to exercise "billing judgment" because portions of his fee request "all boil down to Plaintiff's attorneys looking out for their fees instead of Plaintiff interests." Def. Opp. at 7. Defendant explains that it identified billing entries that evidence this lack of billing judgment. *Id.*, Ex. C, Misc. Entries. Nine of the ten identified entries state that time was related to "settlement," and the tenth entry states that 3.9 hours were spent researching and drafting a letter responding to Defendant's application for a stay and research into retainer agreement and fee disclosure requirements. This is the only time entry that specifically involves Plaintiff's attorneys' fees, and the Court cannot ascertain how much of the time entry was actually devoted to attorneys' fees. Based on this information, the Court cannot conclude that Defendant's identified time entries demonstrate a lack of billing judgment. Moreover, Defendant identified six hours of time in which Plaintiff's attorneys allegedly failed to exercise billing judgment. *Id.*, Ex. C, Misc. Entries. But Plaintiff's attorneys seek payment for approximately 140 hours of work, and this number is reduced from the actual hours expended for this matter. Plf. Br. at 18; Sanders Decl. ¶¶ 3-4. Thus, Defendant's argument boils down to the premise that Plaintiff's attorneys improperly spent less than five percent of their time on settlement. This hardly evidences a lack of billing judgment. Consequently, this argument is also rejected.

In sum, the Court concludes that Plaintiff's attorneys' time in this matter was reasonable.

### 2. Hourly Rates

Defendant also contends that Plaintiff's attorneys' hourly rates are unreasonable, focusing on Craig Sander's hourly rate. Def. Opp. at 7-9. A reasonable hourly rate is the "prevailing [rate] in the community for similar services by lawyers of comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). In this instance, Plaintiff relies in part on the Community Legal Services of Philadelphia ("CLS") fee schedule and the Laffey Matrix to

establish that the requested hourly rates are reasonable. Plf. Br. at 11. Numerous courts in New Jersey have "approvingly cited" the CLS fee schedule and the Laffey Matrix to determine reasonable hourly rates. *See Rosner v. Faloni Law Grp., LLC*, No. 20-10279, 2021 WL 933371, at *3 (D.N.J. Feb. 8, 2021). In addition, Plaintiff relies on the United States Consumer Law Attorney Fee Survey Report for New Jersey from 2017-2018 to demonstrate that Mr. Sanders's rate is approximately $25 more than the median hourly rate for attorneys with similar experience. Plf. Br. at 12-13. Based on this information, the Court concludes that the requested hourly rates are reasonable.

Defendant challenges the hourly rates by pointing to rates that were approved for three of Plaintiff's attorneys in this matter in a different case in the Eastern District of New York. Defendant contends that Plaintiff's attorneys' experience has not changed, nor has their physical location. As a result, Defendant argues that this Court should use the rates that were approved in the Eastern District of New York. Def. Opp. at 9. But as discussed, this Court must look to the prevailing community rate. *Blum*, 465 U.S. at 896 n.11. While the Eastern District of New York is undoubtedly near New Jersey, Defendant provides no legal authority demonstrating that New York and New Jersey should be considered the same community when determining attorneys' hourly rates. As a result, the Court will not lower Plaintiff's attorneys' rates to those awarded in the Eastern District of New York. Instead, the Court will consider rates awarded in this district. Notably, a different court in the District of New Jersey recently determined that Mr. Sanders's requested hourly rate of $550 was reasonable. *See Rosner*, 2021 WL 933371, at *4. This is the same rate that Mr. Sanders requests here.

Finally, Defendant argues that the Court should find the hourly rates unreasonable because Plaintiff fails to provide a fee agreement, in violation of Local Civil Rule 54.2(b). Def. Opp. at 9.

9

Local Civil Rule 54.2(b) states that all applications for counsel fees must be accompanied with a document "describing all fee agreements and setting forth both the amount billed to the client for fees and disbursements and the amount paid." L. Civ. R. 54.2(b). Here, Plaintiff submitted the Sanders Declaration in conjunction with its motion for fees. The Sanders Declaration includes detailed invoices for this matter setting forth the time and amount billed to the client. *See* Sanders Decl. ¶ 2, Ex. 1. Moreover, in the Declaration, Mr. Sanders states that his firm "charged standard billing rates." *Id.* ¶ 5. Although Plaintiff did not include a fee agreement, Plaintiff otherwise complied with Local Civil Rule 54.2(b) and establishes that the requested hourly rates are reasonable. Moreover, Defendant again fails to provide legal authority to support his argument that Plaintiff's requested rates should be rejected for failure to fully comply with Local Rule 54.2. Consequently, the Court will not conclude that Plaintiff's requested rates are unreasonable because he failed to include a copy of a fee agreement.

In sum, the Court concludes that Plaintiff sufficiently demonstrates that his requested attorneys' fees are reasonable. The Court, therefore, will award Plaintiff $71,267.50 in attorneys' fees.

### 3. Costs

Plaintiff also seeks $500 in costs. This includes the $400 filing fee and a $100 fee for deposition services. *See* Sanders Decl. ¶ 2, Ex. 1. Pursuant to the FDCPA, a successful party is entitled to recover costs incurred in the action. *Jerman*, 559 at 573, 578, 584; *see also* 15 U.S.C. § 1692k(a)(3). The offer of judgment also provides that Plaintiff can recover his costs. D.E. 47. Defendant does not challenge Plaintiff's request for costs. Accordingly, the Court will also award Plaintiff with $500 in costs.

### III. Conclusion

Therefore, for the reasons set forth above and for good cause shown,

IT IS on this 17th day of November, 2021

**ORDERED** that Plaintiff's motion for attorneys' fees and costs (D.E. 53) is **GRANTED**; and it is further

**ORDERED** that Plaintiff is awarded $71,267.50 in attorneys' fees and $500 in costs; and it is further

**ORDERED** that along with the offered judgment amount, a total judgment is entered for Plaintiff in the amount of $72,768.50

**ORDERED** that the Clerk's Office is directed to mark this matter as **CLOSED**.

_____
John Michael Vazquez, U.S.D.J.